# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| IN THE INTEREST OF: Y.W.-B., A MINOR | : | No. 436 EAL 2020 |
| | : | |
| | : | |
| PETITION OF: J.B., MOTHER | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| | | |
| IN THE INTEREST OF: N.W.-B., A MINOR | : | No. 437 EAL 2020 |
| | : | |
| | : | |
| PETITION OF: J.B., MOTHER | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |

## ORDER

**PER CURIAM**

    **AND NOW**, this 5th day of January, 2021, the Petition for Allowance of Appeal is **GRANTED**.  The issues, as stated by petitioner, are:

(1)    Did the Superior Court err in creating a rule of law that violates Article 1, Section 8 of the Pennsylvania Constitution, when it ruled that where a Pennsylvania Child Protective Services agency receives a report that alleges that a child is in need of services, and that there is a fair probability that there is evidence that would substantiate that allegation in a private home, where the record does not display a link between the allegations in the report and anything in that private home, then that government agency shall have sweeping authority to enter and search a private home?

(2)    Did the Superior Court err in creating a rule of law that violates the Fourth Amendment of the United States Constitution, when it ruled that where a Pennsylvania Child Protective Services agency receives a report that alleges that a child is in need of services, and that there is a fair probability that there is evidence that would substantiate that allegation in a private home, where the record does not display a link between the allegations in the report and anything in that private home, and there was no showing of particularity, then that government agency shall have sweeping authority to enter and search a private home?